**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ARMSTRONG KNIGHT, #100175** § | | **PETITIONER** |
| § | | |
| **VERSUS** § | | **CIVIL ACTION NO. 1:06cv45DMR-JMR** |
| § | | |
| **RONALD KING and JIM HOOD** § | | **RESPONDENTS** |

**ORDER GRANTING MOTION OF RESPONDENTS TO DISMISS
FOR FAILURE TO EXHAUST [Doc. No. 10-1]**

BEFORE THE COURT is the Motion of the Respondents, filed on June 2, 2006, to Dismiss for Failure to Exhaust [Doc. No. 10-1] the 28 U.S.C. §2254 petition of Armstrong Knight pending before this court. And the Court, having carefully considered said motion and the response of the Petitioner, the record before it, as well as the applicable case law, is of the opinion that the motion to dismiss is well taken and should be granted.

LEGAL DISCUSSION

The Petitioner has filed this petition pursuant to 28 U.S.C. § 2254, as amended, which provides in part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that --
> 　　(A) the applicant has exhausted the remedies available in the courts of the State; or
> 　　(B)(i) there is an absence of available State corrective process; or
> 　　(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

Additionally, § 2254(c)) provides as follows:

> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

"Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). *See also Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). To satisfy the exhaustion requirement, a federal habeas applicant must generally present his claims to the state's highest court in a procedurally proper manner and provide the highest state court with a fair opportunity to pass upon the claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *see also Carter v. Estelle*, 677 F.2d 427, 442-44 (5th Cir. 1982); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Petitioner failed to exhaust his state court remedies before filing the instant petition for habeas relief, and, therefore, respondents submit that the instant petition should be dismissed under the authority cited above.

## PROCEDURAL BACKGROUND

On December 2, 2003, Armstrong Knight entered a plea of guilty to the charges of manslaughter, (two counts) possession of a firearm by a convicted felon, and carrying a concealed weapon after felony conviction in the Circuit Court of Harrison County, First Judicial District. By order filed December 3, 2003, Knight was sentenced to twenty (20) years, five (5) years and five (5) years, respectively, for a total of thirty (30) years to be

served in the custody of the Mississippi Department of Corrections. *See* Exhibit 1 to Petition for Writ of Habeas Corpus. Knight did not file a direct appeal.[1]

Knight filed a motion for post-conviction collateral relief in the Circuit Court of Harrison County, First Judicial District, on November 29, 2004. *See* Exhibit 2 to Petition for Writ of Habeas Corpus. The motion was dismissed by the Harrison County Circuit Court on January 4, 2006. Subsequently, Knight appealed the denial of his post-conviction motion to the Mississippi Supreme Court by notice of appeal filed on January 25, 2006. *See* Exhibit A attached hereto. Knight's appeal was assigned to the Mississippi Court of Appeals on February 6, 2006, and as the date if this opinion is presently pending. *See* Exhibit A. The Respondents assert in their motion before the Court that the instant federal habeas corpus petition should be dismissed for lack of exhaustion.[2]

This Court agrees that the "administration of justice would be better served by insisting on exhaustion" rather than reaching the merits of the petition prior to a decision in state court. *Horsley v. Johnson,* 197 F.3d 134, 136 (5th Cir. 1999) (citing *Granberry v.*

---

[1] There is a statutory prohibition to direct appeals from guilty pleas under state law. *See* Miss. Code Ann. §99-35-101. Nevertheless, the Mississippi Supreme Court carved out an exception, allowing an appeal from a guilty plea within thirty (30) days when the issue concerned an alleged illegal sentence. *See Burns v. State*, 344 So.2d 1189 (Miss. 1977); *Trotter v. State*, 554 So.2d 313 (Miss. 1989); *Berry v. State*, 722 So.2d 706 (Miss. 1998); *Campbell v. State*, 743 So.2d 1050 (Miss. App. 1999); and *Acker v. State*, 797 So.2d 966 (Miss. 2001).

[2] Counsel for the Respondents represents that as a matter of course they were not able to check out the record in this matter because the case is pending before the state court. However, the procedural information provided by the Mississippi Supreme Court is consistent with that set out by Knight in his habeas petition.

*Greer,* 481 U.S. 129, 131, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987)). "The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment. *Duncan v. Walker,* 533 U.S. 167, 178-79, 121 S.Ct. 2120, 2127-28 (2001) (citing *O'Sullivan v. Boerckel*, *supra*). "[C]omity and judicial economy make it appropriate to insist on complete exhaustion where 'unresolved questions of fact or state law might have an important bearing . . . .'" *Horsley,* 197 F.3d at 137 (5th Cir. 1999) (citations omitted).

Only after the Mississippi Supreme Court has been provided with a fair opportunity to pass upon petitioner's claims can petitioner be said to have fairly presented his claims to the state's highest court in a procedurally proper manner in satisfaction of the exhaustion requirement. Such a failure to exhaust available state court remedies clearly warrants dismissal of the instant federal habeas corpus petition.[3]  *See* 28 U.S.C. § 2254(b)(1) and ©), *supra*; *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 67 USLW 3682 (1999); *Rose v. Lundy,* 455 U.S. 509 (1982); *Duckworth v. Serrano,* 454 U.S. 1 (1981).

---

[3] Respondents have noted that the newly amended **federal** habeas corpus statute provides for a one-year statute of limitations, which is only tolled for a properly filed state post-conviction motion and that Petitioner should be aware-as he appears to be- of the very limited time available in which to file a subsequent habeas petition after the state's highest court has issued its ruling. *See United States v. Patterson*, 211 F.3d 927 (5th Cir. 2000). Further, Respondents submit that the filing of the instant habeas corpus petition **does not toll** the one-year statute of limitations. *See Duncan v. Walker,* 533 U.S. 167, 121 S.Ct. 2120, 2129 (2001); *see also Grooms v. Johnson*, 208 F.3d 488 (5th Cir. 1999); *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999).

It is noted that under the dictates of the recent decision by the United States Supreme Court in *Rhines v. Weber*, 125 S.Ct. 1528 (2005), that this Court has the discretion to hold a federal habeas petition in abeyance for a limited time while a petitioner exhausts his claims in state court.  This remedy is particularly considered when dismissal of the petition might result in the petitioner losing his opportunity for federal review of his claims because a second petition, filed after the claims had been presented to the state court, would be barred under the statute of limitations provision of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) (the "AEDPA").  *Rhines,* 125 S. Ct. at 1535.  The Supreme Court cautioned, however, that "stay and abeyance should be available only in limited circumstances" and is only appropriate when the petitioner can show good cause for failure to exhaust his claims in state court first.  *Id*. at 1535.   Respondents submit that such "limited circumstances" do not exist in the instant case as petitioner has not shown the "good cause" as required by *Rhines* for his failure to exhaust his claims first in state court.[4]  This Court is of the opinion that under the facts of this case, stay and abeyance is inappropriate.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** the Motion of the Respondents, filed on June 2, 2006, to Dismiss for Failure to Exhaust state court remedies [Doc. No. 10-1], be and is hereby **GRANTED**, and the 28 U.S.C. §2254 petition of Armstrong Knight pending before this court be and is hereby **DISMISSED WITHOUT PREJUDICE**.

---

[4]Respondents also have noted that even assuming *arguendo* that this Court were to find that petitioner had met the requisite showing of "good cause," the Court in *Rhines* further held that it would be an abuse of discretion by the district court to grant a stay if the unexhausted claims were plainly without merit.  *Id*. at 1535.

Furthermore, the Petitioner should be aware of and is responsible for diligently following his own procedural time deadlines in his civil actions. *See Pliler v. Ford*, 542 U.S. 225, 124 S.Ct. 2441 (2004).

**SO ORDERED AND ADJUDGED** this the ___18th___ day of August, 2006.

                                              **/S/ DAN M. RUSSELL, JR.**
                                              **UNITED STATES DISTRICT JUDGE**